IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENWOOD DIVISION

| | | |
|---|---|---|
| Joel Crawford | ) | Civil Action No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | (Jury Trail Demanded) |
| | ) | |
| Southern Pine Logging, Inc. and | ) | |
| Michael David Mannel | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Joel Crawford, complaining of the Defendants Southern Pine Logging, Inc. and Michael David Mannel, would respectfully allege and show that:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff was at all times pertinent to the allegations contained herein and currently is a resident of Union County, South Carolina, and a citizen of South Carolina.

2. Defendant Southern Pine Logging, Inc.("Southern Pine") is a corporation in the business of logging and related timber activities. It is incorporated under the laws of South Carolina, has its principal place of business in Saluda County, South Carolina, and is engaged in interstate commerce.

3. Defendant Michael David Mannel is the owner, president, and alter ego of Southern Pine and is, on information and belief, a resident of Saluda County.

4. This Court has personal jurisdiction over Defendant Southern Pine in that it is organized

under the laws of South Carolina, does business in South Carolina, maintains its principal place of business in South Carolina, contracts to supply services of things in South Carolina, and has an interest in real property in South Carolina. S.C. Code Ann. §§ 36-2-802, 36-2-803.

5. This Court has personal jurisdiction over Defendant Mannel in that he is a resident and citizen of the State of South Carolina, does business in South Carolina, contracts to supply services of things in South Carolina, and has an interest in real property in South Carolina. S.C. Code Ann. §§ 36-2-802, 36-2-803.

6. This Court has subject matter jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1331 (federal question), and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA").

7. The Court has subject matter jurisdiction over the state law claim asserted herein pursuant to 28 U.S.C. § 1367 in that it is related to claims in the action within the Court's original jurisdiction and form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court in that the Defendants can be found in the District of South Carolina, and in the Greenwood Division and do business relating to the acts alleged herein in Saluda County, which is contained in the Greenwood Division. 29 § U.S.C. § 1132(e)(2); Local Rule 3.01(A)(1) (D.S.C.).

## NATURE OF CLAIMS

9. This action is brought unpaid overtime compensation, for liquidated damages, for attorneys' fees, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA").

10. Plaintiff also seeks under the South Carolina Payment of Wages Act, S.C. Code Ann § 41-10-10, et seq. unpaid wages, three times the unpaid wages, plus costs and reasonable attorney's fees

## BACKGROUND/FACTUAL ALLEGATIONS

11. Plaintiff was employed by Defendant Southern Pine from August 12, 2016 through March 9, 2017.

12. Plaintiff was a cutter for the company initially, and his responsibilities were primarily cutting timber for Defendants.

13. Plaintiff's typical work week for the initial period of his employment as a cutter was Monday through Thursday of each week from 6:30 am until 5 pm. He took a half hour each day for lunch.

14. Plaintiff would on many days be required to work past 5:00 pm.

15. Plaintiff was told he would receive $1000.00 per week for 40 hours of work.

16. Defendants typically paid Plaintiff $20.00/hour for time over forty hours, which should have been paid instead at $37.50/hour.

17. In or about October 2016 Defendants expanded Plaintiff's responsibilities and hours worked to include greasing, blowing out oil filters, and related maintenance work on Defendants'

equipment. That additional maintenance work was done on Fridays, Saturdays and Sundays.

18. The additional maintenance work required Plaintiff to travel to the location of the equipment to be serviced.

19. Including travel time, the additional maintenance work added approximately eight hours of time to his work week.

20. In or about January 2017, Plaintiff's responsibilities further expanded to include driving the truck, running the bulldozer, and related tasks.

21. Shortly thereafter, in or about January 2017 Defendants required Plaintiff to do additional work each week from 6:30 am until 12:00 pm on Fridays.

22. Although he was required to work an additional 5 ½ hours on Fridays, Plaintiff was not compensated for those hours at all.

23. Plaintiff also worked other days for which Defendants refused to compensate him.

24. During the relevant period, Plaintiff regularly worked in excess of forty (40) hours per week, and was not compensated for time and half of his hourly wage.

25. During the relevant period, Plaintiff also regularly hours each week, for which he was not compensated at all.

**FOR A FIRST CAUSE OF ACTION**
(Fair Labor Standards Act)
(29 U.S.C. § 207)

26. All prior allegations of this Complaint are realleged and incorporated herein by reference.

27. Plaintiff was an employee of Defendants for purposes of the FLSA during times relevant to this Complaint in that he was "an individual employed by an employer." 29 U.S.C. § 203(e)(1).

28. Based upon information and belief, the annual gross sales volume of the Defendants' business was in excess of $500,000.00 per year at all times material hereto. Alternatively, Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

29. At all times pertinent to this Complaint, Defendants owned an operation and was an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. § 203(r) and 203(s).

30. Defendants both meet the definition of employer contained in the FLSA, in that they are "person[s] acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

31. Defendant Mannel is the owner, president, and alter ego of Southern Pine and is wholly responsible for as has control over the day-to-day decisions affecting employees' employment terms, conditions, and compensation.

32. Defendants failed to pay Plaintiff at the rate of one-and-a-half times his normal rate of pay for all hours worked in excess of forty (40) hours per work week as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

33. Defendants also failed to pay Plaintiff for all compensable time for which Plaintiff provided work for the benefit of Defendants.

34. Plaintiff is entitled to back wages at the rate of one-and-a-half times his regular rate of pay for all overtime hours worked in excess of forty (40) hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

35. The failure of Defendants to properly compensate Plaintiff as described herein and as required by the FLSA was knowing, willful, intentional, and done in bad faith.

36. Plaintiff is also entitled to liquidated damages equal to the amount of overtime compensation and unpaid compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

37. The work and pay records of Plaintiff are in the possession, custody, and/or control of Defendants, which are under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), applicable United States Department of Labor regulations to maintain and preserve such payroll and other employment records from which the amount of Defendant CCB's liability can be ascertained. Plaintiffs request an order of this Court requiring Defendants to preserve such records during the pendency of this action.

38. Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## FOR A SECOND CAUSE OF ACTION
(Payment of Wages Act)
(S.C. Code Ann. § 41-1-10, et seq.)

39. All prior allegations are realleged and incorporated herein by reference.

40. Defendants are "employers" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

41. Defendants employed Plaintiffs and the members of the Plaintiffs' class within the State of South Carolina.

42. Defendant owes Plaintiff "wages" as defined in Section 41-10-10(2) of the Act, to compensate him for labor rendered to Defendants, as promised to Plaintiff as required by law, including overtime pay required by the FLSA.

43. Defendants have failed to pay Plaintiff all wages due, as required by Sections 41-10-40 and -50 of the Act.

44. Defendants' failure to pay Plaintiff all wages due is willful, without justification, and in violation of the duty of good faith and fair dealing.

45. Pursuant to Section 41-10-80(C) of the Act, Plaintiff is entitled to recover in this action an amount equal to three times the full amount of his unpaid wages, or their wrongfully deducted wages, plus costs and reasonable attorney's fees.

WHEREFORE, Plaintiff prays for judgment against Defendants to include an amount equal to Plaintiff's unpaid back wages at the applicable overtime rates; liquidated damages in an amount equivalent to the overtime damages owed to Plaintiffs; treble damages pursuant to the South Carolina Payment of Wages Act; injunctive relief to require Defendants to record, report and preserve records sufficient to enable Plaintiff to determine his wages, hours and conditions and practices of employment, including practices regarding deductions and payment and nonpayment of overtime as mandated by the FLSA; attorneys' fees and costs; and all such further relief as the Court deems just, proper, and equitable.

Plaintiff hereby demands a jury trial.

S/ Blaney A. Coskrey, III
Blaney A. Coskrey, III # 5421
1201 Main Street, Suite 1980
Columbia, South Carolina 29201
(803) 748-1202
Coskreylaw@sc.rr.com

ATTORNEYS FOR PLAINTIFF
JOEL CRAWFORD

Columbia, South Carolina
August 31, 2017