IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Joel Crawford, | ) |
| | ) |
|              Plaintiff, | ) |
| | ) |
| v. | )   C/A No. 8:17-cv-02336-TMC |
| | ) |
| Southern Pine Logging, Inc. and | ) |
| Michael David Mannel, | ) |
| | ) |
|              Defendants. | ) |
| | ) |

**ORDER GRANTING JOINT MOTION FOR
APPROVAL OF SETTLEMENT**

This matter comes before me pursuant to a Joint Motion for Approval of Settlement ("Joint Motion"), ECF No. 13, filed by Plaintiff Joel Crawford ("Plaintiff") and Defendants Southern Pine Logging, Inc. and Michael David Mannel ("Defendants") (collectively, the "Parties"), who have moved for an Order approving the Parties' settlement of an employment dispute arising under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA" or the "Act"). Plaintiff has also filed the Affidavit of Blaney A. Coskrey, III, with attachments, and the Declaration of William C. Tucker.

The Court held a hearing on December 21, 2017, and heard arguments from counsel as well as the testimony of the Joel Crawford. Based on the materials submitted, arguments made at the hearing, testimony of Plaintiff, and authority cited herein, the Court has determined that the Motion should be granted.

**BACKGROUND**

This case arises out of a dispute relating to Plaintiff's former employment with Defendant Southern Pine Logging, Inc. According to the time records of Plaintiff's counsel, the

representation began on March 31, 2017. Affidavit of Coskrey, Exhibit A. For several months, Plaintiff's counsel sought to settle the matter, including writing a demand letter dated May 24, 2017. Affidavit of Coskrey, Exhibit B. That letter was received by Defendants May 25, 2017, as evidenced by the return receipt. Affidavit of Coskrey, Exhibit C. Defendants did not respond to the letter.

As a result, in late August 2017, Plaintiff's counsel drafted the Summons, Complaint, and Answers to Rule 26.01 Interrogatories. On August 31, 2017, Plaintiff finalized and filed those documents. The Complaint asserted a claim for alleged unpaid overtime wages under the FLSA. Specifically, Plaintiff alleged that Defendants failed to pay Plaintiff at the rate of one-and-a-half times his normal rate of pay for all hours worked in excess of forty (40) hours per work week as required by section 7(a) of the FLSA and that Defendants also failed to pay Plaintiff for all compensable time for which Plaintiff provided work for the benefit of Defendants. Compl. (ECF No. 1), ¶¶ 32-33. Plaintiff further alleged that he was entitled to back wages at the rate of one-and-a-half times his regular rate of pay for all overtime hours worked in excess of forty (40) hours per week, pursuant to section 16(b) of the FLSA. *Id.* at ¶ 32.

Factually Plaintiff's claims fell into three broad categories: (1) Plaintiff's overtime hours during his Monday–Thursday work week, for which he claimed he was paid at an insufficient rate; (2) Plaintiff's additional maintenance work, which he took on several months into his employment and which Plaintiff contended should have been compensated at the overtime rate rather than a flat fee; and (3) several Fridays near the end of Plaintiff's employment, which Plaintiff contended he had been required to work without any additional payment. This third category was the subject of a claim under the S.C. Payment of Wages Act. S.C. Code Ann. § 41-10-10 *et seq*.

Prior to discovery commencing, Defendants' counsel invited a settlement discussion and sought an updated demand. In response, in early November 2017, Plaintiff's counsel created and provided to Defendants' counsel a detailed spreadsheet setting forth calculations based on the hours worked and payroll information that he had. Affidavit of Coskrey, Exhibit D. In written settlement communications between the Parties' counsel, Plaintiff maintained that he was owed approximately $4,636.25, exclusive of liquidated damages or attorneys' fees and costs, and $14,059.70, including liquidated damages, treble damages,[1] and to-date attorneys' fees and costs.

After extensive settlement discussions, the Parties reached a complete resolution and full and final settlement of the dispute. The settlement has been reduced to writing and is memorialized in a Settlement Agreement, which contains a full, general release of claims by Plaintiff in favor of Defendants. Under the terms of the Settlement Agreement, the terms of which were stated by the Parties' counsel during a formal hearing on the Joint Motion, and in exchange for a full, general release of claims by Plaintiff in favor of Defendants:

1. Defendants will pay Plaintiff $2,750.00; and

2. Defendants will pay $7,250.00 to Plaintiff's counsel for attorney's fees and costs.

Of the $7,250.00 to be paid to Plaintiff's counsel, $518.56 represented reimbursement for costs that had been advanced, leaving $6,731.44 as the attorneys' fee. Affidavit of Coskrey, Exhibits A, D. The allocation of the settlement between attorney and client has been approved by and agreed to by all parties and both Plaintiff's and Defendants' counsel. According to Plaintiff, the allocation of the fee was performed pursuant to the written fee agreement, which allowed for, *inter alia*, an allocation of the fee as part of the settlement process. Affidavit of Coskrey ¶ 11.

---

[1] In his Complaint, Plaintiff also asserted a state law claim for unpaid wages under the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 *et seq*.

Here the parties and counsel agreed to the allocation described above, and that allocation appeared in the Settlement Agreement. The allocation was further detailed in a Settlement Statement signed by Plaintiff on December 2, 2017. Affidavit of Coskrey, III, Exhibit D.

## DISCUSSION

### I.     Legal Standard

When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *Jarrard v. Southeastern Shipbuilding Corporation*, 163 F.2d 960, 961 (5th Cir. 1947)).

Although the United States Court of Appeals for the Fourth Circuit has not specifically identified the factors to be considered in approving FLSA settlements, district courts in this circuit have employed the considerations set forth by the United States Court of Appeals for the Eleventh Circuit in *Lynn's Food Stores, Inc.,* 679 F.2d at 1355.  *See, e.g.*, *Rivera v. Dixson, 2015 WL 427031* (D. Md. January 30, 2015); *Saman v. LBDP, Inc.,* 2013 WL 2949047, *2 (D. Md. June 13, 2013); *Lopez v. NTI LLC,* 748 F.Supp.2d 471, 478 (D.Md. 2010); and *Hoffman v. First Student, Inc.,* 2010 WL 1176641, at *2 (D.Md. Mar. 23, 2010).

An FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. These factors are most likely to be satisfied where there is an "assurance of an adversarial context" and the employees are "represented by an attorney who can protect their rights under the statute." *Rivera, 2015 WL 427031* at *2 (citing *Lynn's Food Stores*, 679 F.2d at 1354).

### II.    FLSA Settlement

#### A. *Bona Fide* Dispute

The dispute in this case is a "bona fide" one. The Parties disagree as to the work performed by Plaintiff, the amount of time he worked, whether he was properly paid for all time worked, and whether Defendants are liable to Plaintiff. This dispute ultimately resulted in a legal action filed by Plaintiff. *See Lomascolo v. Parsons Brinckerhoff. Inc.*, 2009 WL 3094955, at *16 (E.D. Va. Sep. 28, 2009) ("A bona fide dispute exists when an employee makes a claim that he or she is entitled to overtime payment."). Additionally, in the proposed Settlement Agreement, Defendants continue to deny Plaintiff's material allegations and claims for liability in the action and "neither side has admitted any liability or lack thereof." *See Singletary v. Sterling Transport Company, Inc.*, 2012 WL 12875517, fn. 3 (E.D. Va. Dec. 14, 2012). As such, the Court finds that a bona fide dispute exists between the parties.

#### B. Fairness and Reasonableness

In assessing the fairness and reasonableness of the settlement agreement, the Court should consider following factors: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of counsel; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery. *Lomascolo,* 2009 WL 3094955, at *10; *see also Poulin v. Gen. Dynamics Shared Res., Inc.*, 2010 WL 1813497, at *1, fn. 1 (W.D.Va. May 5, 2010). Upon consideration of the settlement agreement and the underlying facts, the Court finds that the Parties' Settlement Agreement is fair and reasonable.

The primary factor supporting this conclusion is the probability of Plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. Under the proposed settlement, Plaintiff would receive more than 70% of the total amount claimed to be owed by Defendants including liquidated damages, treble damages, and attorneys' fees and costs.

The other five factors also support a finding of a fair and reasonable settlement. The settlement was negotiated early in the case before the initiation of discovery. In addition to the amount in dispute, the Parties and their counsel have taken into account the uncertainty and risks inherent in litigation, as well as the fees and costs to be incurred by both sides, given the complexity, expense, and likely duration of the case, should litigation proceed. *See* Joint Motion [ECF No. 13 at 2]. Considering the time, effort, and expense associated with discovery, dispositive motions and trial, settlement at this time is reasonable to avoid additional litigation costs. The Settlement Agreement was negotiated by experienced counsel and considered information exchanged between counsel. The Parties' counsels have indicated their respective clients would not be prejudiced by this settlement. *Id.* Finally, there is no evidence of fraud or collusion in the settlement. *See Lomascolo,* 2009 WL 3094955, at *12 ("There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary.").

"A compromise is the essence of a settlement and the trial court should not make a proponent of a proposed settlement justify each term of a settlement agreement against a hypothetical or speculative measure of what concessions might have been gained since inherent in compromise is a yielding of absolutes and abandoning of highest hopes." *Lomascolo*, 2009 WL 3094955, at *10 (citing *Cotton v. Hinton*, 559 F.2d 1326,1331 (5th Cir. 1977)). Further, "[a]

6

court is entitled to rely on the judgment of experienced counsel for the parties in performing this balancing task and absent fraud, collusion or the like, a court should be hesitant to substitute its own judgment for that of counsel." *Id.* (internal citations omitted).  Thus, the Court finds the settlement to be fair and reasonable.

### C.  Attorneys' Fees and Costs

In this case the parties and their counsel have negotiated an allocation of the settlement, including the attorneys' fee.  If the proposed settlement includes a provision for payment of attorney's fees, the reasonableness of the award must also "be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Rivera v. Dixson*, 2015 WL 427031 (S.D. Md. 2015) (*quoting Lam v. Ko-Me, LLC*, No. 10-2261, 2011 WL 3880427, at *3 (D. Md. Aug. 31, 2011)). In this case, the parties negotiated the amount to be allocated to attorney's fees. To assess this amount, the Court will apply the lodestar methodology factors traditionally applied to fee awards by the Court.  For these purposes, Plaintiff has provided the Affidavit of Coskrey (with time records attached as Exhibit A), as well as the Declaration of William Tucker, an attorney with experience in FLSA cases in this District.

The Fourth Circuit has listed the factors to be considered as: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the

7

nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Barber v. Kimbrell's*, 577 F.2d 216 (4th Cir. 1978)

That analysis begins with a lodestar calculation defined as the number of hours "reasonably expended" by counsel multiplied by a "reasonable hourly rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984).

Between March 13, 2017, and December 14, 2017, Plaintiff's counsel represents that he expended 35.3 hours on this case. The Court has reviewed the summary of billed work and costs and finds them to be reasonable. Plaintiff's counsel further represents that his billing rate is $300 per hour, which is reasonable for an attorney of his experience. *See* Affidavit of Coskrey and Declaration of Tucker. Thus, Plaintiff's counsel's total calculated fees and costs through December 14, 2017 would be $10,590.00. The proposed settlement allocation of figure of $6,731.44 is 63.5% of the lodestar fees and is reasonable.

In finding this fee to be reasonable, the Court has also considered the other *Barber* factors: FLSA claims require a specialized knowledge, and there is not an over-abundance of attorneys practicing in this area. *See* Declaration of Tucker. Taking such cases represent opportunity costs for attorneys. Mr. Coskrey's affidavit establishes his qualifications, including his practicing employment law for more than 25 years. Moreover, the statutory framework, including the right to recover attorneys' fees, represents the legislative judgment that even relatively small claims may be pursued. The result obtained for the client, only a small reduction from the full demand made in early November, was favorable. Moreover, the Court agrees that

the fees awarded are not out of line for this type of case, and would have been greater had the case not settled so early.

Considering all of these factors, the finds that the attorneys' fee of $ 6731.44 for attorney's fees is fair and reasonable.

Similarly, the Court has reviewed the costs of $518.56. Almost all of this amount consists of the filing fee ($400.00) and the fee paid to a process server ($100.00). Because the case was settled at an early stage before discovery, additional expenses were avoided. The Court finds these costs to be reasonable.

## CONCLUSION

For the foregoing reasons, the Joint Motion for Approval of Settlement, ECF No. 13, is GRANTED.

IT IS SO ORDERED.

December 21, 2017                                          Shiva V. Hodges
Columbia, South Carolina                                   United States Magistrate Judge